UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTEFANIA OROZCO OROZCO,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-3058

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

## I. Procedural History

In Petitioner's § 2241 petition, she challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.9–10.) In an order entered on October 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the October 23, 2026, bond hearing on October 30, 2026, (Resp., ECF No. 5; Recording of Oct.

23, 2026, Bond Hearing, filed on Oct. 30, 2026), and Petitioner filed her reply on October 30, 2026, (ECF No. 6).

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States on an unknown date. (Notice to Appear (NTA), ECF No. 5-1, PageID.30.) On October 13, 2026, Petitioner was arrested by immigration officials. (Form I-200, ECF No. 5-2, PageID.35.)

On October 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 5-4, PageID.38.) At the conclusion of the October 23, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "is a danger to the community." (*Id.*) The immigration judge stated: "The BIA says that the burden is on the Respondent [i.e., the Petitioner in this habeas action] so yeah I'll note that for the record." (Recording of Oct. 23, 2026, Bond Hearing, at 20:47–20:53, filed on Oct. 30, 2026.) He later explained, "I also find that the Respondent has not met her burden of showing that she is not a danger to the community." (*Id.* at 36:00–36:05.)

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 9, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge